(8 Misc. Rep. 86.)

### SCHWABELAND et al. v. BUCHLER et al.

(City Court of New York, General Term.    April 23, 1894.)

REPLEVIN—GOODS SEIZED BY OFFICER.

Where a sale has been rescinded by the seller for fraud of the purchaser, the seller may recover the goods from the sheriff, who had seized them while in the purchaser's possession, unless it is shown that the sheriff acquired possession under legal process before the rescission.

Appeal from trial term.

Action by Henry Schwabeland and others against Herman Buchler and others. From a judgment entered on a verdict in favor of plaintiffs, and from an order denying a motion for a new trial, defendants appeal. Affirmed.

Argued before NEWBURGER and CONLAN, JJ.

Herman L. Roth, for appellants.

Foster, Hotaling & Klenke, for respondents.

CONLAN, J. This is an action of replevin originally brought against John J. Gorman, as sheriff of the city and county of New York, and the present defendants were afterwards substituted, they being indemnitors. The plaintiffs seek to recover for 46 tubs of butter, 172 cases of eggs, and 4 boxes of cigars, alleged to have been fraudulently obtained by one Krieger from them in the month of April, 1892. While the goods in question were in the possession of Krieger, they were taken by the sheriff, as alleged in the answer, on executions against Krieger. The goods were demanded of the sheriff and refused, and this action followed, April 22, 1892. It appears from the evidence that in January, 1892, Krieger represented to the plaintiffs that he was a person of means, and had property, which he described to the plaintiffs' credit clerk, Henry Schlebehm, with whom he had the conversation; that he was perfectly reliable, and that all the parties he owed anything to were the plaintiffs and the Glimm Brothers; that he had money in the State Bank, and $2,000 in the savings bank, which he was thinking of investing in real estate. The witness says the first representations were made about the 10th or 15th of January, and the last about March 26, 1892; and, relying on these representations, he gave instructions to the salesman to sell to Krieger, and he afterwards obtained goods from the plaintiffs to the amount of $1,212.60, in April, on a credit of 10 days. Krieger, in January, 1892, owed the plaintiffs $700, and in March $285, of which $200 was paid by check in the latter month, leaving a balance of $85 due plaintiffs at the time the credit of $1,212.60 was obtained. It appears, further, that Krieger confessed judgment on the 22d of April, 1892, in favor of Buchler, one of the defendants, for the sum of $905, and on the same day he also confessed judgment in favor of one Schneifer for the further sum of $760 within three days after he had obtained a considerable amount of goods from the plaintiffs upon the representations that he had made to their credit clerk. It is admitted at folios 59 and 60 that the only question involved is one of fraud and false representa-

tions. Upon the trial the defendants decided not to put in any evidence, and asked to go before the jury on the question of fraud,. which request was granted.

We are unable to find any reason in the rulings of the trial judge which would call for a reversal of the judgment. The plaintiffs appear to us to have made out their case by clear proof of fraudulent representations on the part of Krieger, whereby they were induced to part with their property in April, 1892, and the defendants offer no evidence in explanation of the conduct of Krieger in making the representations and obtaining this credit. Krieger was not called as a witness, nor his absence in any way accounted for, and the introduction in evidence of the two judgments against Krieger, confessed April 22, 1892, is a sufficient refutation of the truth of his statements to the plaintiffs' credit clerk, and upon which the plaintiffs relied in parting with their property. The act of confession was to the plaintiffs an available reason for rescission of the contract of sale, and an immediate right of action, as the consideration for the judgments appears to have been an indebtedness other than to the plaintiffs or Glimm, existing at the time of the representations by Krieger to the plaintiffs' credit clerk, and not disclosed, but continued and very materially added to down to and during the time of the purchases made by Krieger of the plaintiffs in April, 1892. This. case is distinguished from that of Wise v. Grant, 140 N. Y. 593, 35 N. E. 1078. In that case it was alleged and proven that the sheriff levied upon the goods under an attachment against the fraudulent vendee before the sale was rescinded, and there was notice before rescission; and the court held that replevin would not lie because the fraudulent vendee had a leviable interest which had been attached before rescission. But there was no proof whatever by the defendants as to how the sheriff had acquired possession of the property from Krieger, and it was not proven that he acquired the right to possession by either attachment or execution, one of which conditions must necessarily appear. For all that appears in the case,. he might have been a naked trespasser, acting without the warrant of any legal authority. The allegation in the answer that he took the property by virtue of certain executions proves nothing. The sheriff was in possession without notice to the plaintiffs as to how he became so, and the demand upon him was sufficient for the purposes of replevin. The motion for nonsuit was properly denied.. No errors were committed on the trial, and the judgment should be affirmed, with costs.